STATE OF NEW JERSEY, PLAINTIFF, v.
DENNIS S. SMITH, DEFENDANT.

Superior Court of New Jersey
Law Division—(Criminal)

Decided October 2, 1974.

444

*Mr. Jeff Masin,* Assistant Prosecutor, for the State (*Mr. Richard J. Williams,* Atlantic County Prosecutor, attorney).

*Mr. Gerard C. Gross* for defendant (*Messrs. McGahn and Friss,* attorneys).

GREENBERG, J. C. C., Temporarily Assigned. Defendant moves to dismiss the count of an indictment charging him with a violation of *N. J. S. A.* 2A:127–4 on the ground that the statute is unconstitutional on its face. The statute provides as follows:

Any person who installs or has in any automobile, a short-wave radio receiver operative on frequencies assigned by the federal com-

munications commission for fire, police, municipal or other governmental uses, is guilty of a misdemeanor, unless a permit therefor has first been obtained from the chief of the county police, or from the chief of the police of the municipality, wherein such person resides.

This section does not apply to any fire, police or other governmental official of the state or of any county or municipality thereof.

The contentions of defendant must be addressed with certain well-established principles in mind. A court should not reach and determine a constitutional issue unless absolutely imperative in the disposition of the litigation. *Donadio v. Cunningham*, 58 *N. J.* 309, 325 (1971). In view of the nature of defendant's motion there is no alternative to a determination of the constitutional issue.

A statute is entitled to a presumption of constitutionality, *Male v. Ernest Renda Contracting Co.*, 64 *N. J.* 199 (1974), and this is especially so when the statute has long been applied without any question being raised as to its constitutionality. *Gibraltar Factors Corp. v. Slapo*, 23 *N. J.* 459, 463 (1957). While the absence of any reported decisions construing the statute in question since its adoption in 1933 may indicate that no significant legal determinations have been made with respect to it, there appears to be no reason to assume that prosecutors have not enforced the law in appropriate situations. In view of the presumption of constitutionality, it follows that a statute will not be declared inoperative and unenforceable unless it is plainly in contravention of a constitutional mandate or prohibition. *State v. Profaci*, 56 *N. J.* 346, 349 (1970).

When the Legislature's exercise of the police power is brought into question, if the end is one to which the legislative power may properly be addressed, it is enough if it can be seen that in any degree, or under any reasonably conceived circumstances, there is an actual relation between the means used and the end sought by the statute. *Jamouneau v. Harner*, 16 *N. J.* 500, 518 (1954). While no statement of the ends of the Legislature appears in the statute, it seems reasonable to assume that there may have been a determination

by the Legislature that if persons in automobiles could without restriction listen to fire, police or other governmental communications, their high degree of mobility coupled with their possible desire to proceed to locations referred to in such communications, for reasons of curiosity or otherwise, might well result in interference with essential governmental activities. Likewise, the Legislature may have determined that if persons engaged in illegal activities were able to receive such information in their automobiles, they would become aware of their detection and their escape would be facilitated. Bearing in mind that the constitutionality of a statute does not turn on whether it is a wise one in a judge's view, *Brown v. Heymann*, 62 *N. J.* 1, 10 (1972), then one can conceive an actual relation between the means used and the end sought by the statute. Banning such receivers in automobiles may avoid interference with police, fire and other governmental agencies in carrying out their functions; it may make it more difficult for those engaged in illegal activities to become aware of their detection.

 Defendant contends that the statute denies him equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States, in that limitation of the operation of the statute to automobiles is unreasonable and arbitrary. Further, he alleges that the exception which constitutes the second paragraph of the statute is so broad as to violate equal protection. As to the former contention, there is no question but that the Legislature could have broadened the scope of the statute by including within its operation motor vehicles other than simply automobiles. However, the constitutionality of a legislative classification is presumed and one who attacks the classification must carry a heavy burden of showing its arbitrariness; a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. *State in Interest of K. V. N.*, 116 *N. J. Super.* 580, 587 (App. Div. 1971), aff'd 60 *N. J.* 517 (1972). Equal protection is not denied because a penal statute might have gone further than it did or might

have included some persons or classes of persons who were excluded, but rather violation of equal protection arises only when classification rests upon grounds wholly irrelevant to the achievement of the Legislature's objective. *State v. Smith*, 58 *N. J.* 202 (1971). Applying these concepts to the classification at hand one can readily conceive that the serious problem in the view of the Legislature would exist with automobiles and not other types of motor vehicles. Persons in trucks would tend to be engaged in commercial operations and be unlikely to constitute a threat of interference. Other types of vehicles might be deemed not of sufficient numbers to be such a threat. Persons utilizing motor vehicles in illegal activities might well be expected to use automobiles rather than other types of vehicles because of their obvious advantages. The classification of the statute in this respect is certainly not wholly irrelevant to the State's objective and is therefore not invalid.

As for defendant's contention that the exception in the statute for any "fire, police or other governmental official of the state or of any county or municipality thereof" renders the statute invalid, it need only be said that, in light of what the ends of the Legislature appear to have been, the possession of radio receivers by these individuals in their automobiles could well be deemed to be not inconsistent with such ends.

Defendant further contends that the statute violates his First Amendment right of freedom of speech, as guaranteed by the Fourteenth Amendment. He cites *Stanley v. Georgia*, 394 *U. S.* 557, 89 *S. Ct.* 1243, 22 *L. Ed.* 2d 542 (1969), for the proposition that the Constitution protects the right "to receive information and ideas." The right protected by the Supreme Court in *Stanley v. Georgia, supra*, bears no relation to the right now asserted by defendant. It cannot seriously be contended that a person has a constitutional right to be a party to a communication, *e. g.*, from one police officer to another directing the latter to proceed to a designated location to investigate a reported crime. The

claim of violation of defendant's right of free speech is completely without merit.

Finally, defendant contends that inasmuch as the statute provides for the issuance of permits but gives no standards to the issuing authorities, the Legislature has made an unconstitutional delegation of its authority. Legislative delegations are permissible so long as they are accompanied by sufficient basic standards. *State v. Hotel Bar Foods*, 18 *N. J.* 115 (1955). It is true that no standards are expressed in the statute which are to be followed by the police chief in determining whether or not to issue a permit for a radio receiver in an automobile. However, the standards need not be set forth in express terms if they may reasonably be inferred from the statutory scheme as a whole. *Schierstead v. Brigantine*, 20 *N. J.* 164, 169 (1955). In *Motyka v. McCorkle*, 58 *N. J.* 165 (1971), the court stated:

> * * * While we have continued the form of the traditional requirement that delegation must have a sufficient accompanying standard. we have consistently sustained general standards and have not hesitated to imply them. * * * Indeed in recent days we have attached greater significance to the presence of procedural and judicial safeguards against unreasonable and unwarranted agency action than we have to the presence of details in the statutory standards. * * * [58 *N. J.* at 177]

See also, *In re Application of Schragger*, 58 *N. J.* 274, 279 (1971).

It may reasonably be inferred that the Legislature intended that the police chief would issue a permit to a person who demonstrated a legitimate reason for access to the information being transmitted on the frequencies assigned for the purposes in question. This being so, the statute does not constitute an unlawful delegation by the Legislature.

Based on the foregoing, it is determined that *N. J. S. A.* 2A:127-4 is not in violation of the Constitution and the motion to dismiss is denied.